OPINION
PER CURIAM.
Maria Jimenez petitions for review of the Board of Immigration Appeals’ (“BIA”) final order of removal. For the following reasons, we will dismiss her petition.
I.
Jimenez, a native and citizen of Ecuador, arrived in the United States without inspection in 1993. She married a United *356 States citizen in 1997 and was granted conditional permanent resident status, but the couple divorced in 2001. In 2005, the Department of Homeland Security (1) terminated her conditional permanent resident status after finding that the couple entered into the marriage solely for immigration purposes, and (2) commenced removal proceedings against her on that basis. Before the Immigration Judge (“IJ”), Jimenez challenged the termination of her status and sought cancellation of removal under 8 U.S.C. § 1229b(b) on the grounds that her removal would result in extreme hardship for her two United States citizen children (then five and thirteen years of age). The IJ denied relief on both grounds, and the BIA dismissed Jimenez’s resultant appeal. She petitions for review, and the Government has filed a motion to dismiss her petition for lack of jurisdiction.
II.
The only issue that Jimenez raises on review is whether the IJ and BIA erred in determining that she had not demonstrated that her children would suffer sufficient hardship to warrant cancellation of her removal. Jimenez concedes that 8 U.S.C. § 1252(a)(2)(B) ordinarily would deprive us of jurisdiction to review that ruling because it is a discretionary decision. See Cospito v. Att’y Gen., 539 F.3d 166, 170 (8d Cir.2008); Mendez-Moranchel v. Ashcroft, 388 F.3d 176, 179 (3d Cir.2003). She argues, however, that she has raised questions of law that we retain jurisdiction to review. See 8 U.S.C. § 1252(a)(2)(D). The Government counters that we lack jurisdiction because Jimenez’s purported questions of law are not colorable and she instead essentially take issue with the IJ’s and BIA’s exercise of discretion. See Cospito, 539 F.3d at 170-71; Jarbough v. Att’y Gen., 483 F.3d 184, 189-90 (3d Cir.2007). We agree with the Government and will dismiss the petition for review on that basis.[1]
To obtain cancellation of removal, a non permanent resident like Jimenez must demonstrate, inter alia, that her “removal would result in exceptional and extremely unusual hardship to the alien’s spouse, parent, or child” who is either a United States citizen or a lawful permanent resident. 8 U.S.C. § 1229b(b)(l)(D). The BIA interpreted this standard in In re Monreal-Aguinaga, 23 I. & N. Dec. 56 (BIA 2001). In that case, the BIA held that the requisite hardship “must be ‘substantially’ beyond the ordinary hardship that would be expected when a close family member leaves this country.” Id. at 62. The BIA further explained that, although the hardship need not be “unconscionable,” the effect of its standard was to limit cancellation of removal to “ ‘truly exceptional’ situations[.]” Id. at 60-61 (citation omitted). The BIA set forth a number of factors to consider in making that determination, including “the ages, health, and circumstances” of the qualifying relatives. Id. at 63. By way of example, the BIA noted that “a qualifying child with very serious health issues, or compelling special needs at school” might present a strong application. Id.
In this case, the IJ expressly cited and applied the standard set forth in In re Monreal-Aguinaga. (IJ Dec. at 9-11.) The IJ determined, after weighing the relevant factors, that although Jimenez’s children might suffer emotional, psychological and economic deprivations if she is removed to Ecuador, “there is nothing in *357 this record to suggest that the hardship that these children would suffer ... is anything other than the hardship that would be present in the vast majority of cases.” (Id. 11.) Among other things, the IJ noted that “there is no evidence at all that either of the children have any physical problems that require treatment in the United States. So, that aspect is certainly not present.” (Id. at 10.) The BIA dismissed Jimenez’s appeal after explaining that the IJ applied the correct standard and considered the relevant factors. (BIA Dec. at 3.)
On review, Jimenez raises essentially three arguments that she characterizes as questions of law. None of them is color-able. First, she argues that, contrary to In re Monreal-Aguinaga, the IJ effectively required a showing of an “unconscionable” hardship by focusing on the fact that her children do not have serious medical needs requiring treatment in the United States. The health of her children, however, is a relevant consideration under In re Monreal-Aguinaga, and the IJ did not focus solely on that factor. Nor did the IJ apply an “unconscionable” hardship standard. Instead, he expressly cited and applied the proper standard under In re Monreal-Aguinaga, as did the BIA.
Second, Jimenez argues that In re Mon-real-Aguinaga, together with the BIA’s subsequent decisions in In re Andazola-Rivas, 23 I. & N. Dec. 319 (BIA 2002), and In re Recinas, 23 I. & N. Dec. 467 (BIA 2002), do not require that the hardship be “substantially beyond the ordinary hardship” (as each expressly states). She argues that those decisions require instead only a “hardship that would place the Petitioner in a small select group of persons suffering a unique form of hardship that is selective rather than too substantial or unconscionable.” (Petr.’s Br. at 8.) Whatever that standard might mean, there is no support for it in the BIA’s decisions. In re Andazola-Rivas and In re Reciñas expressly reaffirmed the standard set forth in In re Monreal-Aguinaga, and Jimenez’s argument to the contrary “does not even reach the level of being colorable.” Barco-Sandoval v. Gonzales, 516 F.3d 35, 40 (2d Cir.2008) (holding that similar argument did not raise a colorable question of law for purposes of jurisdiction).
Finally, Jimenez argues that the IJ misapplied In re Monreal-Aguinaga by failing to weigh all the relevant factors, in particular by failing to “indicate whether the United States children are capable of reading, writing and speaking fluently in Spanish.” (Petr.’s Br. at 7-8.) Leaving aside the fact that, as the Government argues, there is ample evidence of record that Jimenez’s children are at least minimally fluent in Spanish, the IJ specifically noted Jimenez’s testimony that “her children do not know as much Spanish as she would like for them to know,” (IJ Dec. at 7-8), and the BIA noted the potential relevance of language difficulties in summarizing In re Recinas, (BIA Dec. at 3). Thus, there is no colorable basis for arguing that the IJ or BIA departed from In re Monreal-Aguinaga in this regard.
In sum, Jimenez has not raised any colorable question of law, and her challenges to the IJ’s and BIA’s rulings essentially take issue with the manner in which they balanced the relevant factors. Those are discretionary decisions that we lack jurisdiction to review. See 8 U.S.C. § 1252(a)(2)(B); Cospito, 539 F.3d at 170; Mendez-Moranchel, 338 F.3d at 179. Accordingly, the Government’s motion to dismiss is granted and we will dismiss the petition for review.

. We, of course, have jurisdiction to determine our jurisdiction. See Biskupski v. Att’y Gen., 503 F.3d 274, 279 (3d Cir.2007). In making that determination, we review the decisions of both the IJ and the BIA because the BIA essentially summarized and deferred to the IJ's more detailed discussion. See Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004).